# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID COLBERT JOHNSTON,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 08-389-JHP-KEW |
| **HASKELL HIGGINS, Warden,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as time barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections, attacks his conviction in Carter County District Court Case Number CF-03-157 for Assault and Battery with a Dangerous Weapon, After Former Conviction of Two or More Felonies. He has not filed a response to the respondent's motion.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

- 01/04/2005    Petitioner's direct appeal was affirmed by the Oklahoma Court of Criminal Appeals in *Johnston v. State*, No. F-2004-79 (Okla. Crim. App. Jan. 4, 2005).

- 04/04/2005    Petitioner's conviction became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.

- 08/31/2005    Petitioner filed a petition for a writ of habeas corpus in this court's Case No. CIV-05-358-JHP-KEW.

11/20/2006  This court granted petitioner's motion to dismiss his petition without prejudice in CIV-05-358-JHP-KEW.

03/06/2007  Petitioner filed an application for post-conviction relief in Carter County District Court, which was denied on March 7, 2007.

03/24/2007  Petitioner filed a second post-conviction application in Carter County District Court, which was dismissed with a notation that relief had been denied on March 7, 2007.

06/24/2007  Petitioner's appeal of the dismissal of his second post-conviction application was dismissed for petitioner's failure to provide a sufficient record for review. *Johnston v. State*, No. PC 2008-0337 (Okla. Crim. App. June 24, 2007).

10/16/2008  Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under

this subsection.

28 U.S.C. § 2244(d).

The respondent alleges that because petitioner's conviction became final on April 4, 2005, his deadline for filing a habeas corpus petition was April 4, 2006. Although his first federal habeas petition was filed within the statutory year, it did not toll the statute of limitations. *See York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003) (citing *Duncan v. Walker*, 533 U.S. 167, 172-82) (2001)). Furthermore, petitioner did not initiate his post-conviction proceedings until the limitations period had expired, so there is no statutory tolling for those proceedings. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). The court, therefore, finds that this habeas petition is untimely.

**ACCORDINGLY,** the respondent's motion to dismiss time barred petition [Docket #8] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 5th day of June 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma